**Jesse GLORIA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–531–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Ida Brazell, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an Order revoking probation. Appellant challenges the sufficiency of the evidence to support the revocation of probation. We affirm.

The appellant was convicted on March 23, 1983 in the District Court of Nueces County, Texas, upon his plea of guilty to the offense of burglary of a habitation. Punishment was assessed at confinement in the Texas Department of Corrections for six years. Appellant was placed on probation for this period. On April 22, 1983, the trial court entered an Order for the arrest and detention of the appellant on a Motion to Revoke Probation. After a hearing on July 20, 1983, the trial court placed appellant on Intensive Supervision Probation; and Condition "R" was added to the terms of probation, which stated:

(R) "The defendant, Jesse Gloria, will enter the MH–MR Substance Abuse Program, 615 Oliver Courts, Corpus Christi, as an in-patient client. Defendant will remain in that facility until he successfully completes the required program, and is released by the MH–MR staff."

On August 11, 1983 a new application to revoke the probated sentence was filed in the trial court. This application alleged, in part, the following violation of the condi-

tions of appellant's probation: "the defendant, Jesse Gloria, has failed to successfully complete the required program of the MH–MR Substance Abuse ..., in that he has been unsatisfactorily terminated by the MH–MR staff ...." A hearing was set for September 19, 1983, at which time the appellant pled "untrue" to the allegations in the motion. After the hearing, the trial court found that appellant had violated Condition "R" of his adult probation, and ordered that appellant's probation be revoked. The trial court assessed punishment for a term of not less than five nor more than six years in the Texas Department of Corrections. It is from this revocation of probation that this appeal is taken.

■■■ In his sole ground of error, appellant contends that the trial court abused its discretion in revoking appellant's probation because the evidence is insufficient to support a finding that he violated Condition "R." The State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App.1980). Violation of a single condition of probation is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191 (Tex. Crim.App.1978). The court may, in its discretion, revoke probation when the state has proven by a preponderance of the evidence each element of its case. *Shaw v. State*, 622 S.W.2d 862 (Tex.Crim.App.1981); *Battle v. State*, 571 S.W.2d 20 (Tex.Crim. App.1978). The only issue that is reviewable is whether the court abused its discretion. *Barnett v. State*, 615 S.W.2d 220 (Tex.Crim.App.1981), appeal dism'd 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981).

Jack Richenstein, appellant's probation officer, testified that he was present when the trial court revised appellant's conditions of probation to include Condition "R." Richenstein testified that he personally explained, and the appellant understood, that attending the program at MH–MR was a condition of his continued probation. He further testified that he was the custodian of the probation records of the appellant. The probation office's records concerning appellant's transactions at the MH–MR program were offered into evidence. Richenstein testified to facts which were evidenced by notations entered by him in appellant's file. He testified that the staff at the MH–MR Center telephoned him on August 11, 1983 and reported that, because of the appellant's "rebellious behavior," they could no longer keep him in the program. Appellant was then released from the program.

At trial, counsel for appellant objected to the introduction of the probation records as follows:

"MR. MUNOZ: Your Honor, my objection is as follows on these documents being introduced as business records. I believe business records have—my understanding of that particular exception to the hearsay rule is there are certain limitations on business records. On these here there is a lot of conclusions and opinions, personal opinions and personal conclusions of individuals other than the probation officer that are subject to interpretation and that are not obviously in the sense like—to give an example to kind of show what the legal definition is, that a doctor makes an entry that the gentleman has a broken bone. Obviously there is no dispute about that. But he makes an entry of his personal opinion based on judgment, I think that would be excluded on the business record. I think there are some things that are personal opinions and judgments other than the probation officer's and I would object to that."

The State responded that the records were offered for the purpose of showing "the transactions of him (appellant) in or out of the MH–MR program on certain dates and not what opinions might be expressed by certain counselors there." The trial court overruled appellant's objection to the admission of these records.

The probation records themselves constituted official records admissible under the terms of TEX.REV.CIV.STAT. ANN. art. 3731a and/or art. 3737e (Vernon Supp.1984). The proper predicate for admission of the records had been established. Where part of evidence is admissible and part inadmissible, counsel must specifically point out the inadmissible portion(s), otherwise it is waived. *Hernandez v. State,* 599 S.W.2d 614 (Tex.Crim.App. 1980) (opinion on motion for rehearing); *Heard v. State,* 148 Tex.Cr.R. 19, 184 S.W.2d 285 (1944); *Hughes v. State,* 665 S.W.2d 582 (Tex.App.—Corpus Christi 1984, no writ).

While it might be conceded that the records in question contained personal opinions and conclusions of individuals other than the probation officer (Richenstein), appellant's objection failed to specifically identify that part of the record which objected to as inadmissible hearsay. Hearsay testimony admitted without proper objection at a probation revocation hearing has some probative value and may, in and of itself, constitute sufficient evidence in support of an Order revoking probation. *Frazier v. State,* 600 S.W.2d 271, 274 (Tex. Crim.App.1980); *see Hardman v. State,* 614 S.W.2d 123, 128 (Tex.Crim.App.1981).

Finally, we note that John Guerra, appellant's primary caseworker at the MH–MR treatment center, testified that he counseled appellant for approximately three weeks. Guerra testified that appellant was unable to complete the program as required because he had difficulties in following the rules and in dealing with the supervisors or the staff. He testified that he personally did not have difficulty with appellant. Rather, Guerra's knowledge of these difficulties was based on the *written notations* by the supervisors in the log explaining what happened during the night. Guerra testified that they (presumably he and appellant) would deal with the issues the following day. No objection to Guerra's testimony (as hearsay or otherwise) was raised by the appellant. *See Frazier v. State,* 600 S.W.2d at 272. In this respect, any error in the admission of the probation records was cured where the same evidence was introduced without objection. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980).

We have carefully reviewed the entire record and find that the evidence was sufficient to establish, by a preponderance of the evidence, that appellant violated a Condition of his probation. The trial court did not abuse its discretion in revoking appellant's probation. Appellant's ground of error is overruled. The judgment of the trial court is affirmed.