NO. 07-04-0552-CR
07-04-0553-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2005

_____

RONALD DALE LEDBETTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13321-9902, B14090-0106; HONORABLE ED SELF, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Ronald Dale Ledbetter appeals from two judgments revoking his community supervision and sentencing him to incarceration.[1]  We will affirm.

---

[1] We consider the revocation regarding the offense of possession of a controlled substance of less than one gram in cause number 07-04-0552-CR (the "drug case"). The revocation regarding the offense of tampering with evidence is considered in cause number 07-04-553-CR (the "tampering case").  The trial court held a consolidated hearing on the Motions to Revoke in these two cases.  We have reviewed these cases as companion cases and resolve them here together.

On June 18, 1999, appellant plead guilty to the offense of possession of a controlled substance in an amount of less than one gram. The court sentenced him to two years in prison probated for a term of five years and a $1,000 fine. The State filed a Motion to Revoke Community Supervision on July 12, 2001 based, in part, on the offense of tampering with evidence. On August 24, 2001, appellant entered a plea of true to the allegations in the Motion to Revoke Community Supervision. The trial court then continued him on community supervision subject to an additional fine, a two-year extension, and the completion of the Substance Abuse Felony Punishment Facility ("SAFPF") program. Appellant was ordered to complete 400 hours of community service in the drug case which remained in effect upon his community supervision being continued.

On August 24, 2001, appellant also plead guilty to the offense of tampering with evidence. The court sentenced him to two years confinement suspended for five years community supervision, a $1,000 fine, and the completion of the SAFPF program. Appellant was ordered to complete an additional 400 hours of community service after his release from SAFPF in the tampering case.

On July 21, 2004, the State filed a Motion to Revoke Community Supervision in both the drug case and the tampering case. In its Motions, the State alleged the following violations of the terms of appellant's community supervision: (1) appellant failed to avoid controlled substances, specifically (a) on or about June 3, 2004, appellant tested positive for amphetamines, (b) on or about May 19, 2004, appellant used marijuana and amphetamines, (c) on or about May 20, 2004, appellant tested positive for marijuana and amphetamines, and (d) the defendant used amphetamines on May 14 and May 15, 2004;

2

(2) appellant associated with a person with a criminal record on June 16, 2004; (3) appellant failed to pay his fine and court costs, and (4) in the drug case, appellant failed to complete his community service hours.

The trial court held a consolidated hearing on the Motions to Revoke on November 12, 2004, and appellant plead not true to the allegations in the State's Motions to Revoke. The trial court found appellant had violated the terms of his community supervision as alleged in paragraphs one, three and four in the drug case and one and three in the tampering case. In other words, the trial court found appellant had failed to avoid controlled substances, failed to pay fees and costs, and failed to complete his community service hours. The trial court revoked appellant's community supervision and sentenced appellant to two years confinement in the State Jail Division in each case.

Appellant raises the following two issues on appeal: (1) the trial court abused its discretion by finding that appellant used controlled substances and intentionally failed to make payments as required and (2) the term and condition of probation requiring appellant to perform community supervision was in violation of Texas Code of Criminal Procedure article 42.12, section 16(a)(3) and was, therefore, void.

In a proceeding to revoke probation, the burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke. *Moses v. State*, 590 S.W.2d 223, 224 (Tex.Crim.App. 1979); *Gobell v. State*, 528 S.W.2d

583, 586 (Tex.Crim.App. 1975). The standard by which an order revoking probation is reviewed on appeal is abuse of discretion. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); *Lloyd v. State*, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. *Herald v. State*, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); *Becker v. State*, 33 S.W.3d 64, 66-7 (Tex.App.–El Paso 2000, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

When questioned by the State at the November 12, 2004 revocation hearing, appellant's community supervision officer, Marty Mejorado, testified as follows:

Q. Was the defendant ordered to avoid the use of–avoid injurious and vicious habits of any nature, including the use of alcohol, narcotics, controlled substances, harmful drugs, glue, paint, any other chemical which might cause intoxication?

A. Yes, sir.

Q. Has the defendant avoided those as he was ordered to do?

A. No, sir.

Q. In what way has he failed to do that?

A. When I spoke to Mr. Ledbetter at an office visit on May 20th of 2004, a routine office visit, I asked him if he had used any drugs or alcohol. He stated he hadn't. I went to get a urinalysis cup for testing, and at that time he advised me that he had used marijuana and methamphetamines.

Q. Did you test him for the presence of those substances?

4

A. Yes, sir.

Q. What were the results of that test?

[Objection by counsel sustained by trial court]

Q. The defendant did admit to the use of what?

A. Marijuana and methamphetamines.

Appellant argues this testimony is insufficient to support the trial court's findings "because no evidence regarding urinalysis was ever submitted to the trial court" and because "the State failed to introduce evidence showing that Appellant's drug use took place on or about the dates alleged, or even that the drug use took place during the probationary period." We disagree.

Mejorado's testimony that appellant's May 20, 2004 admission of drug use came on the heels of her retrieval of the urinalysis cup is some evidence that the drug use to which he admitted was sufficiently recent to have been revealed by urinalysis and, therefore, would have fallen within the period of community supervision.[2] *Herald*, 67 S.W.3d at 293; *Becker*, 33 S.W.3d at 66-7; *Brumbalow*, 933 S.W.2d at 300. Viewing the evidence in the light most favorable to the trial court's order, we find the testimony of the community supervision officer sufficiently established appellant violated one of the terms of his community supervision. *Jones*, 589 S.W.2d at 421. Because the State is required to

---

[2] No question is raised concerning the admissibility of Mejorado's testimony about appellant's statement against interest. TEX. R. EVID. 803(24). Even if this testimony were considered hearsay without objection, "[h]earsay testimony admitted without proper objection at a probation revocation hearing has some probative value and may, in and of itself, constitute sufficient evidence in support of an Order revoking probation." *Gloria v. State*, 676 S.W.2d 194, 197 (Tex.App.–Corpus Christi 1984, no pet.) (citing *Frazier v. State*, 600 S.W.2d 271, 274 (Tex.Crim.App. 1979) (Odom, J., dissenting)).

5

prove only one ground to prevail on its Motions to Revoke, we need not address appellant's issues regarding the other alleged violations. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980). We hold the trial court did not abuse its discretion by revoking appellant's community supervision and affirm the judgment of the trial court. *Naquin*, 607 S.W.2d at 586.


James T. Campbell
Justice


Do not publish.