

# NUMBER 13-12-00363-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LOUIS BALADEZ,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez, and Justices Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Louis Albert Baladez appeals his community supervision revocation. The trial court revoked appellant's community supervision, and sentenced him to seven years' confinement in the Texas Department of Criminal Justice, Institutional Division. By two issues, appellant contends (1) the evidence is insufficient to support the finding that he violated his community-supervision conditions; and (2) the trial court's judgment incorrectly reflects he pleaded "true" to the alleged violations.   We affirm, as modified.

## I. BACKGROUND[1]

Pursuant to a plea bargain, appellant pleaded guilty to the offense of assault against a family member, strangulation-enhanced, a second degree felony. *See* TEX. PENAL CODE ANN. § 22.01. The trial court assessed a $1,500 fine and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, but suspended the sentence and placed appellant on ten years' community supervision. As a condition of appellant's community supervision, the trial court ordered him to "serve a term of confinement and treatment" in a Substance Abuse Felony Punishment Facility (SAFPF) "for a term of not less than ninety (90) days nor more than one (1) year, and upon successful completion of the program" appellant was "required to participate in a drug or alcohol abuse continuum of care treatment plan . . . abiding by all rules and regulations of said treatment plan . . . ."

The State moved to revoke appellant's community supervision, alleging appellant violated two conditions of his community supervision by: (1) intentionally or knowingly failing to successfully complete the SAFPF program; and (2) intentionally or knowingly violating the rules of the SAFPF program by threatening violence against a SAFPF staff member. Appellant pleaded "not true" to both allegations.

Keane Monroe, a SAFPF coordinator, testified that appellant violated SAFPF program conditions. Specifically, Monroe testified that appellant "had a total of three

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

TDC[2] cases and eight minor violations." As a result, a "disciplinary TTM[3] was held in reference to the violations," and appellant "was advised that his program was going to be extended 30 days at that time due to the rule violations and that if there was further rule violations he could be unsuccessfully discharged from the program . . . ." According to Monroe, appellant further violated the program rules, which prompted the "team" to again meet, and it "unanimously recommended that he be unsuccessfully discharged." Monroe also testified that appellant threatened a SAFPF staff member, saying, "In the free world, motherf___ing Africa, I will drop you."

Appellant denied threatening a SAFPF staff member, but acknowledged that he cursed at a staff member in response to being called a "mother f___ing Mexican" by that staff member. Appellant claimed the altercation preceding that language arose because he is deaf in one ear and did not hear the "officer" order him to "the bunk area . . . ." He further stated he does not speak perfect English.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant argues the evidence was insufficient to support the trial court's finding that he violated his community-supervision conditions.

We review the trial court's order revoking community supervision with an abuse of discretion standard. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels*, 202 S.W.3d at 763–64. Violation of a single condition

---

[2] Neither Monroe nor the record defined this acronym.

[3] Neither Monroe nor the record defined this acronym.

is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (panel op.); *Sterling v. State*, 791 S.W.2d 274, 276 (Tex. App.—Corpus Christi 1990, pet. ref'd). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker*, 389 S.W.3d at 865.

## A.    Failure to Successfully Complete SAFPF Program

Appellant challenges the sufficiency of the evidence to show that he intentionally or knowingly failed to successfully complete the SAFPF program. Appellant argues that "the evidence shows only that the State's own witness removed appellant, against his will, from the [SAFPF] program based on hearsay."

The terms "intentionally" and "knowingly," which the State alleged in its motion, are defined by the Texas Penal Code as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE ANN. § 6.03(a)–(b) (West 2011).

Successful completion of the SAFPF program was a condition of appellant's community supervision. Appellant signed a notice of receipt of the trial court's community-supervision conditions, which included the requirement that he successfully

4

complete the SAFPF program. During cross-examination, appellant testified he received a copy of the SAFPF rule book and read it, and acknowledged that he violated one of the rules by directing vulgar language toward a staff member.

Monroe testified that when appellant was interviewed in the course of the first disciplinary interview, Monroe advised appellant that additional violations of the SAFPF rules would result in him being "unsuccessfully discharged from the program and sent to the Texas Department of Criminal Justice." The record shows that appellant was thereafter "unsuccessfully discharged" because he violated and continued to violate the rules and regulations of the program. *See Gloria v. State*, 676 S.W.2d 194, 196–97 (Tex. App.—Corpus Christi 1984, no pet.) (upholding revocation of defendant's community supervision because defendant's "rebellious behavior" resulted in his dismissal from court-mandated substance abuse program).

We hold that the evidence was sufficient to show that appellant intentionally or knowingly failed to complete the SAFPF program by violating the SAFPF program rules. *See Brooks v. State*, 153 S.W.3d 124, 129 (Tex. App.—Beaumont 2004, no pet.) ("We do note that, from the testimony of Mark Hogberg, the trial court could have inferred Brooks' failure to pay his fees was intentional by Brooks' failure to remain employed with one employer for very long, coupled with the evidence that Brooks made no payments . . . ."); *see also Polanco v. State*, No. 01-97-01231-CR, 1998 WL 802701, at *3 (Tex. App.—Houston [1st Dist.] Nov. 19, 1998) (not designated for publication) (affirming revocation because defendant, although informed of the SAFPF rules, "made conscious decisions to disregard them."); *but see Hille v. State*, No. 13-11-00755-CR, 2012 WL

5

6719452, at *6 (Tex. App.—Corpus Christi Aug. 28, 2012, no pet.) (mem. op., not designated for publication) (holding insufficient the evidence that defendant intentionally or knowingly failed to successfully complete the SAFPF program because the State presented no evidence appellant knew or had reason to know the SAFPF program rules, which he violated, causing his involuntary dismissal from the program).

**B.     Threatening Violence Against a SAFPF Staff Member**

Appellant also challenges the evidence that he intentionally or knowingly violated the SAFPF program rules by threatening violence against a SAFPF staff member. Appellant contends that no eyewitness testified at trial and that the "only evidence in this record comes from notes in the probation officer's file, and [that] these were not admitted by the trial court for their truth, only for their presence in the file." During the trial, the following exchange occurred during Monroe's testimony:

| | |
|---|---|
| Q.: | Can you tell the Court about specifically what the allegation was? |
| [DEFENSE]: | Objection; hearsay; and lack of personal knowledge. |
| Q.: | Does the file indicate— |
| THE COURT: | Overruled.   He's testifying from records in the file[,] he said. |
| [STATE]: | Thank you, Your Honor. |
| THE COURT: | As long as it's in the file. |

As the record shows, the trial court did not limit the use of the file during the trial. To the contrary, Monroe thereafter testified regarding the offense report in the file and

6

testified that appellant failed to complete the program. Accordingly, the trial court's finding that appellant threatened a staff member was not an abuse of discretion. *See id.*

We overrule appellant's first issue.

## III. REFORMATION OF JUDGMENT

By his second issue, appellant contends the judgment incorrectly states he pleaded "true" to the motion to revoke, when he actually pleaded "not true." The State concedes error regarding this issue.

Although the record shows that appellant pleaded "not true" to the alleged violations, the trial court's written judgment and subsequent judgment nunc pro tunc incorrectly reflect that appellant pleaded "true." An appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston 2012, pet. ref'd); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We hold that the judgment should be modified to reflect that appellant pleaded "not true." We sustain appellant's second issue

## IV. CONCLUSION

We reform the judgment and judgment nunc pro tunc to reflect appellant's plea of "not true." The judgment is affirmed, as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2013.

7