Opinion issued May 26, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00084-CR

———————————

James Michael Thompson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court 

Harris County, Texas



Trial Court Case No. 1213980

 



 

MEMORANDUM OPINION

          A
jury found appellant, James Michael Thompson, guilty of the offense of theft.[1]  After finding true the allegations in two
enhancement paragraphs that appellant had been twice previously convicted of
felony offenses, the jury assessed his punishment at confinement for twenty
years.  In one issue, appellant contends
that the trial court erred in admitting into evidence, under the business
record exception to the hearsay rule, an exhibit containing photocopies of
credit receipts and purchase orders.  

          We
affirm.

Background

          Guadalupe
Martinez, the safety director at Unlimited Trucking (“Unlimited”), testified
that Unlimited is a Houston area trucking company that hires owner-operators of
vehicles through another company, MTY Trucking (“MTY”), which operates under
Unlimited’s license.[2]  Martinez noted that MTY hired appellant as a
truck driver in March of 2008, but terminated his employment on April 21,
2008.  

Martinez explained that MTY truck
drivers, in accordance with MTY’s policy, do not pay for the diesel fuel for
their trucks.  Rather, an MTY truck
driver obtains fuel for his truck at T’s Mini Mart, a diesel fuel station,
after obtaining a “purchase ticket order” from a MTY dispatcher.  Martinez further explained that the MTY
purchase ticket order contains “the vehicle number so that fuel can be deducted
from the profits of that vehicle,” the truck driver’s name, and the first four
digits of his driver’s license number. 
After obtaining a purchase ticket order, a truck driver must present it
and his driver’s license to a T’s Mini Mart employee who is to verify the first
four digits of the driver’s license number and write the last four digits of
the driver’s license number on the ticket. 
After obtaining the fuel for his truck, the driver must return to the
T’s Mini Mart employee to obtain a receipt for the fuel purchase.  At the end of each week, a MTY representative
gathers the purchase tickets and receipts, and MTY then pays for all of the fuel
purchased.  

Martinez further testified that
although the employment of appellant was terminated on April 21, 2008, he
continued to obtain fuel from T’s Mini Mart using MTY’s purchase ticket orders
without the permission of Unlimited or MTY. 


The State offered into evidence
State’s exhibit number one, which contains eleven photocopied pages, each
containing a copy of a purchase ticket order, appearing on the bottom of the
page, and a corresponding T’s Mini Mart receipt, appearing on the top of the
page.  Appellant’s trial counsel objected
to the exhibit on “best evidence” grounds, which the trial court
sustained.  After appellant’s trial
counsel renewed his “objection as those are not the originals,” the trial court
excused the jury, and the court and appellant’s trial counsel had an
opportunity to question Martinez as follows: 

[Trial
Court]:        And do you have these
originals back in your office?

 

[Martinez]:           Yes, sir.

 

[Trial
Court]:        Did the State ask for them?

 

[Martinez]:           No, sir. They are kept in the
administration department.

 

                             . . . .

 

[Trial
Court]:        So the State knew that you
had the originals, but they didn’t ask for them.

 

[Martinez]:           No, sir.

 

[Trial
Court]:        All they wanted was the
copies.  It could have been just as easy
to bring in the originals as it was the copies, correct? Someone had to make
copies of them.

                             

                             . . . . 

 

[Martinez]:
          Judge, I don’t know about just
as easy; but, yes, they could have been provided, yes, sir.

 

. . . .

 

[Trial
Court]:        Okay.  Well, [appellant’s trial counsel] I guess if
you are put on the spot to raise a question as to the authenticity.  

 

[Trial
Counsel]:    Judge, I was just wanting to
mention if I can have the witness on voir dire for a moment; or if the court
would prefer, [the State] indicated that all of these documents were actually
prepared by MTY or Unlimited Trucking when, in fact, he then turned around and
said the receipts were prepared by someone else.  So I do have a question as to the
authenticity, maybe not of the credit card but of whatever they are calling the
other receipt that appears on the bottom of the page.  This witness did not prepare that, and this
witness doesn’t know who prepared those. 
Therefore, I do have a question as to the authenticity. 

 

[Trial
Court]:        Where did the purchase orders
that are contained on each page of the exhibit come from? How would your
company end up with those in their possession? 


 

                             . . . .

 

[Martinez]:           Okay. The bottom part, the bottom
ticket is the part that the driver gets, okay. 
He gets — that is two copies.  

 

                             . . . .

 

[Trial
Court]:        So the bottom purchase
order on each page which is 11 pages of State’s No. 1 . . .  are all purchase orders that belong to MTY?

 

[Martinez]:           Not necessarily, no, sir.  Those could be purchased at any Office Depot
or anything like that.

 

[Trial
Court]:        That is obviously the basis
of the objection.  

 

                             . . . .

 

[Trial
counsel]:     Well, judge since evidently
MTY allegedly did not prepare the bottom receipt. Then I do have a question as
to the authenticity without seeing the originals.  

 

[Trial
Court]:        I will overrule the
objection. It goes to the weight and not the admissibility at this time
although the better practice would have been to have to originals. 

 

After the jury returned to the courtroom, the trial
court admitted State’s exhibit number one into evidence.  The records contained in State’s exhibit
number one reveal that from May 16, 2008 through May 25, 2008 appellant
obtained a total of $7,756.27 worth of diesel fuel that was paid for by
MTY.  

Waiver

In his sole issue, appellant argues that the trial court
erred in admitting into evidence an exhibit that included copies of eleven
credit receipts and purchase ticket orders as business records because Martinez
“did not know who prepared the bottom record nor could he testify that the
record was in fact a MTY ticket.”  He
argues that the record was not admissible under the business record exception
to the hearsay rule because Martinez did not “have knowledge of how the record
was prepared.”  See Tex. R. Evid. 803(6).  He further asserts that the trial court’s “determination
that the issue surrounding the exhibit went to its weight rather than its
admissibility was arbitrary and unreasonable.”

The State argues that
appellant has not preserved this issue for our review.  To preserve a complaint for appellate review,
a party must present to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling he desires the court to make if the
specific grounds are not apparent from the context.  Tex.
R. App. P. 33.1(a)(1)(A).  

It is well established
that the ground of error presented on appeal must comport with the objection
raised at trial; otherwise nothing is presented for review.  Crocker v. State, 573 S.W.2d 190, 205 (Tex. Crim. App. 1978);
see Guevara v. State, 97
S.W.3d 579, 583
(Tex. Crim. App. 2003) (holding that point of error on appeal
must comport with objection at trial); Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)
(stating that appellate court cannot reverse on legal theory not presented to
trial court by complaining party).  If an
objection made in the trial court differs from the complaint made on appeal, an
appellant has not preserved any error for review.  Thomas
v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).  The record must show that the complaining
party gave the trial court an opportunity to rule on the complaint by
presenting that complaint to the trial court in a specific and timely
objection.  See Tex. R. App. 
P. 33.1(a); Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App.
2003); Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992). 
Further, making the trial court aware of the complaint requires that
both the grounds and what is being objected to be apparent.  See Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim.
App. 1980) (op. on reh’g).

At trial, appellant
argued that the exhibit was inadmissible because it did not contain the
originals.  Appellant then renewed his
objection “under the best evidence rule.” 
The trial court initially sustained appellant’s objection.  After the trial court allowed further
testimony, appellant again renewed his objection stating, “those are not the
originals.”  The trial court dismissed
the jury and heard additional testimony concerning the location of the original
documents and how they were created.  On
appeal, appellant now argues that the trial court erred in admitting the
exhibit as a business record under rule 803(6) because Martinez “did not know
who prepared the bottom record nor could he testify that the record was in fact
a MTY ticket.”  He further argues that
the business record was inadmissible because “the circumstances surrounding its
preparation indicate a lack of trustworthiness.”  However, appellant did not object at the
trial court that the exhibit was inadmissible hearsay and should not be
admitted under rule 803(6) because the State did not lay the proper predicate.  Rather, he simply argued that it was
necessary to have the originals in order to prove authenticity.  

Because appellant did not give the trial court the opportunity
to consider the inadmissibility of the evidence for failing to comply with rule
803(6), he may not now complain about it on appeal.  We will not reverse a trial court’s
evidentiary ruling on a theory of admissibility or inadmissibility not raised
at trial.  See Martinez, 91 S.W.3d at 336; Kuecker v.
State, No. 01-07-00016-CR, 2008 WL 1747692, at * 4 (Tex. App.—Houston [1st
Dist.] Apr. 17, 2008, no pet.) (mem. op.). 
Because his objection at trial differs from his complaint on appeal,
appellant has failed to preserve error.  Thomas, 723 S.W.2d at 700.  

We overrule appellant’s sole issue.  

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 31.03
(Vernon Supp. 2008).  

 





[2]           Martinez noted that he would consider
himself an employee of MTY as well.