## L. C. HEARD V. THE STATE.

No. 22930. Delivered November 8, 1944.
Rehearing Denied January 3, 1945.

The opinion states the case.

*A. G. Henry,* of Kaufman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted as an habitual violator of the liquor laws, under the provisions of Article 61, P. C., and his punishment assessed at a fine of $400.00 and twelve months' confinement in jail.

The primary offense alleged was the unlawful sale of wine in a dry area. The two prior convictions relied upon were for unlawfully transporting whisky in a dry area and unlawfully possessing wine for the purpose of sale in a dry area.

As to the primary offense, the purchaser named in information testified that at the time and place alleged he purchased from appellant a quart of wine for which he paid him $2.00. This was sufficient to warrant the jury's conclusion of guilt.

Appellant contends that one of the prior convictions here relied upon had been used by the State for the purpose of enhancing the penalty in another case against appellant. In support of this contention, he sought to introduce the information in such case in which the State, for the purpose of enhancing the penalty in that case, alleged one of the prior convictions here relied upon. The objection of the State that the prior conviction had been dismissed and was not relied upon by the State, was sustained. The record before us fails to affirmatively reflect that appellant was finally convicted in the case upon which he relies to sustain his position.

It must be remembered that under the provisions of Article 61, P. C. it is the final conviction, and not a mere accusation, which authorizes the enhancement of the penalty. Appellant's contention is therefore not sustained by the record.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant relies upon bill of exception number two as presenting reversible error.

In order to present clearly the point relied on it is necessary to state that in the present prosecution it was alleged that appellant had been previously convicted of two offenses of like character of the one here charged. One of those convictions was in Cause No. 2,550 in the County Court of Kaufman County. In the State's pleading in said No. 2,550, after averring the commission of the primary offense it was also alleged that appellant had theretofore been convicted in Cause No. 2,499. The State offered in evidence the information in No. 2,550. Appellant objected because incorporated therein was the alleged prior conviction in No. 2,499. As we understand the bill, the objection went to the entire information in Cause No. 2,550. Unquestionably it was permissible for the State to prove the conviction of the primary offense charged in Cause No. 2,550 because it was one of the prior convictions relied on in the present prosecution. If appellant desired the exclusion of the averments as to his prior conviction in No. 2,499 the objection should have been restricted to that part of the information, with a request that the court direct the prosecutor to omit the reading of that part of the information, or a request for an instruction that such part of the information be disregarded.

As the matter is here presented we think no reversible error is shown.

The motion for rehearing is overruled.