**Elionardo P. HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 58360.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 5, 1980.

On Rehearing June 11, 1980.

Fad Wilson, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

After a jury found the appellant guilty of burglary, the matter of punishment was referred to the jury. The State offered into evidence a "pen packet," which comprised:

1.  a page of certifications;
2.  a copy of a commitment;
3.  a copy of a judgment of conviction for horse theft;
4.  a copy of a "Motion to Revoke Order for Adult Probation," which recited (in substance) that the appellant had been placed on probation and that he had failed to comply with the conditions of probation by unlawfully breaking and entering a house occupied by Sam O. Widener in Potter County on or about December 3, 1973, with the intent to commit theft;
5.  a copy of an order revoking probation, which found that the motion was true;
6.  a copy of a sentence;
7.  a copy of an amended sentence; and
8.  a copy of fingerprints and other identification data.

The appellant objected to the exhibit on the ground that it "contains an extraneous offense on a non-final conviction." The objection was overruled. In its final argument, over objection, the State made several references to the fact that the appellant's probation had been revoked because he committed burglary of a house. The jury assessed punishment at 30 years' confinement.

The appellant's objection should have been sustained, and the exhibit should have been excluded so long as page 4 (the motion to revoke probation) was in it. In the punishment phase, the parties may offer evidence of the defendant's "prior criminal record[, which] means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or

any final conviction material to the offense charged." V.A.C.C.P., Article 37.07, Section 3(a). The question is whether a violation of the conditions of probation is any of those things.

In *Cross v. State*, 586 S.W.2d 478 (Tex.Cr. App.1979), we faced a very similar question under V.A.C.C.P., Article 38.29. That statute deals with impeachment of witnesses with criminal offenses. It restricts such impeachment to final convictions and suspended sentences and probations that have not expired; in that respect, it is substantially identical to V.A.C.C.P., Article 37.07, Section 3(a). We held that a revocation of probation was not within the ambit of Article 38.29. It is not a conviction, suspended sentence, or probation, but rather the result of an administrative proceeding at which the judge, acting in his discretion, applies a preponderance of the evidence standard. Therefore it was error to permit impeachment with a violation of the conditions of probation.

We must reach the same result here in construing virtually identical terms in Article 37.07, Section 3(a). The Legislature has restricted the meaning of "prior criminal record" to three findings of guilt beyond a reasonable doubt: final convictions, suspended sentences, and judgments granting probation. A finding of a violation of conditions of probation is none of those things. It is not within the terms of the statute. It was error to admit the proof of the violation.

The State argues that "pleadings" are admissible, citing *Knox v. State*, 487 S.W.2d 322 (Tex.Cr.App.1972). But the holding there was that the indictment or the complaint and information may be admitted in proving "prior criminal record." Id. at 326. As we have seen, "prior criminal record" has a limited meaning in the statute. Not every motion is a State's pleading,[1] nor is the order granting the motion a part of the "prior criminal record."

---

1.  "The primary pleading in a criminal action on the part of the State is the indictment or information." V.A.C.C.P., Art. 27.01. See also V.A.

C.C.P., Art. 27.02 (distinguishing "motions" from "pleadings").

The State also says that the order revoking probation was necessary to prove that the conviction for horse theft was final. The argument fails for two reasons: First, the order revoking probation, which contained no details of the probation violation, could have been admitted for that purpose without the motion to revoke; it was the motion that supplied the harmful detail. Second, it was not necessary to have such proof of finality in this case. The State's reliance on *Spiers v. State*, 552 S.W.2d 851 (Tex.Cr.App.1977), is misplaced. There the judgments showed on their faces that the sentences were suspended; in such cases it is necessary to prove revocation. In this case the judgment does not show that probation was granted, nor did it otherwise appear in the record; in such cases the burden is on the defendant to go forward with proof that the conviction was not final. *Cyrus v. State*, 500 S.W.2d 656 (Tex.Cr.App. 1973); *Smith v. State*, 409 S.W.2d 408, 409 (Tex.Cr.App.1966), cert. denied, 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73. Proof of the fact of probation revocation was unnecessary in this case.

The jury assessed a punishment well above the minimum. We cannot say the error was harmless.

The judgment is reversed and the cause is remanded.

DALLY, Judge, dissenting.

The majority reverse the judgment of conviction in this case because State's Exhibit 7 (a pen packet) was admitted in evidence. State's Exhibit 7 contained several documents, one of which it is argued was inadmissible. I dissent to the holding of the majority because the trial objection was insufficient to apprise the trial court of the document to which objection was made.

Unquestionably the exhibit was for the most part admissible. When evidence is admitted a part of which is admissible and a part of which is not, it is incumbent on the party objecting to the admissibility of the evidence to specifically point out what part is inadmissible to preserve the alleged error. See e. g., *Brown & Root v. Haddad*, 142

Tex. 624, 180 S.W.2d 339 (Tex.Sup.1944); *Crook v. Malone*, 571 S.W.2d 544 (Tex.Civ. App.1978); *Schriewer v. Liedtke*, 561 S.W.2d 584, 586 (Tex.Civ.App.1978); *Smith v. Riviere*, 248 S.W.2d 526 (Tex.Civ.App. 1952); *Panhandle & S.F. Ry. Co. v. Cowan*, 243 S.W. 912 (Tex.Civ.App.1922).

The trial objection made by the appellant when the exhibit was offered follows:

"[Defense Counsel]: Your Honor, as to exhibit 8 we have no objection. As to 7, Your Honor, we object on the grounds that I discussed with the Court. And if the court wants me to lay it out now, again, I will."

Unfortunately the record does not include the discussion to which counsel referred, and it is the burden of the appellant to make the record and preserve his alleged error. This statement made by defense counsel was immediately followed by:

"I object on the grounds that the pen pack contains an extraneous offense on a non-final conviction and should not be given to the jury for consideration.

"On those grounds we would object in that it is highly prejudicial to Mr. Hernandez in this particular case."

In his appellate brief appellant's counsel says:

"Over Appellant's timely objection (Vol. II p. 275, lines 1–9), a prison packet, (Vol. II State Exhibit No. 7) from the State of Texas was introduced to show Appellant's prior criminal record. The prison packet reflected that Appellant was convicted on 1st day of October 1973 of the felony of House Theft and assessed 6 years in the Texas Department of Corrections. Appellant agrees that portions Judgment and Sentence; of the 'Prison Packet' was properly admitted. Art. 37.-07 Vernon's Ann.C.C.P.

"However, the packet also included an instrument entitled 'Motion to Revoke Order For Adult Probation;' and an instrument entitled 'Order Revoking Probation.' * * *."

If appellant at the time of trial had pointed out the document to which he had ob-

jected as he does in the ground of error in his appellate brief, a different matter would be presented. He did not point out to the trial judge at the time of trial as he does on appeal that it was the instrument "Motion to Revoke Order For Adult Probation" to which he objected.

The appellant did not sufficiently preserve in the trial court the error which he claims on appeal. The alleged error was not properly preserved, and the trial judge was "sand bagged." A trial judge in the heat of a trial does not have the time that an appellate judge has to peruse an exhibit. The trial judge should not be required to comb through the whole exhibit to find the particular document which might contain the evidence to which appellant objected, while the appellant then stands by, but later on appeal makes plain his objection.

I dissent to the holding of the majority because the alleged error was not properly preserved at the time of trial.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for burglary, wherein punishment was assessed at thirty years. On original submission the judgment was reversed because a motion to revoke probation was improperly admitted as part of a "pen packet" at the punishment stage. We agree with the conclusion of Judge Dally's dissenting opinion on original submission and hold that the objection to the admission of this evidence was insufficient to preserve error.

When the exhibit was offered into evidence, the following objection was made:

"I object on the grounds that the pen pack contains an extraneous offense on a non-final conviction and should not be given to the jury for consideration.

"On those grounds we would object in that it is highly prejudicial to Mr. Hernandez in this particular case."

The dissenting opinion on original submission correctly states the essence of the insufficiency of this objection, which on appeal appellant states was leveled at a Motion to Revoke Probation. The objection to the exhibit, which was mostly admissible, failed to specifically point out what part was inadmissible. Two distinct theories of insufficient specificity may be applied to the facts of this case:

"*An objection must* not only *identify what is objected to* but must set forth grounds for the objection." *Evans v. State*, Tex.Cr.App., 480 S.W.2d 387. (Emphasis added.)

"*An objection* to admission of evidence *must be specific* and must state grounds of the objection. (citations.)" *Hinkle v. State*, Tex.Cr.App., 442 S.W.2d 728. (Emphasis added.)

While it might be conceded that appellant's objection sufficiently stated *grounds* for the objection, it did not identify what was objected to.

Further, in *Heard v. State*, 148 Tex.Cr.R. 19, 184 S.W.2d 285, it was stated:

"The State offered in evidence the information in No. 2,550. Appellant objected because *incorporated therein* was the alleged prior conviction in No. 2,499. As we understand the bill, the *objection* went to the *entire* information in Cause No. 2,550. Unquestionably it was permissible for the State to prove the conviction of the primary offense charged in Cause No. 2,550 because it was one of the prior convictions relied on in the present prosecution. If appellant desired the exclusion of the averments as to his prior conviction in No. 2,499 *the objection should have been restricted to that part of the information . . . .*" (Emphasis added.)

Thus, without regard to the failure to specify and identify what was objected to, the objection was defective because it was leveled at the entire exhibit, rather than being restricted to the part which was made the subject of the ground of error. Appellant's first ground of error is overruled.

 In his other ground of error appellant maintains the trial court erred in denying his "request for limiting instructions in the punishment charge as to the use the jury could make in its deliberation of the alleged extraneous offense which was the basis of the revocation of Appellant's probation." At the time of appellant's trial in 1977, Art. 36.15, V.A.C.C.P., required that *requested* instructions be submitted in writing. Because this statute was not complied with, nothing is presented for review.

The State's motion for rehearing is granted and the judgment is affirmed.

ROBERTS, PHILLIPS and CLINTON, JJ., dissent.