COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-039-CR

 

 

KENNETH MATTHEW STARN                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Kenneth Matthew
Starn appeals his conviction for possession of a controlled substance,
dihydrocodeinone (hydrocodone), by fraud. 
We affirm.








In his first, second, and
sixth points, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction. 
Specifically, he argues that the State failed to prove that he knowingly
obtained the hydrocodone by fraudulent means.[2]


In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.[3]  When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[4]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact‑finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact‑finder=s
determination is manifestly unjust.[5]









The legal and factual
sufficiency standards of review are the same for cases based on direct and
circumstantial evidence.[6]  In a sufficiency review, however, the jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct, and circumstantial evidence of a defendant=s guilty knowledge is not Arequired to meet the same rigorous criteria for sufficiency as
circumstantial proof of other offensive elements.@[7] 

The evidence at trial showed
as follows:

Appellant worked as a medical
assistant at the University of North Texas Health Science Center in Fort Worth
(AUNT HSC@).  On May 1, 2006, before 8 a.m., appellant
arrived at a CVS pharmacy near UNT HSC to pick up a refill of his hydrocodone
prescription.  No refill order was on
file, so the pharmacist faxed a refill request form to appellant=s doctor, John Willis. 
Appellant told the pharmacist that he was having surgery and that Dr.
Willis had approved the refill.  After
the pharmacist faxed the refill request, appellant left the pharmacy. 








Appellant then went to work
and spoke to his friend and coworker, Kimberly Johnson.  Johnson was a medical assistant who worked in
the Adrug room@ and had
access to Dr. Willis=s signature
stamp.  Appellant asked Johnson to refill
his hydrocodone prescription.  Despite
knowing that Dr. Willis had not authorized the refill, Johnson stamped Dr.
Willis=s signature on the CVS refill form and faxed it back to the
pharmacy.  Johnson then accompanied
appellant to the CVS and paid for the prescription.  Appellant took possession of the controlled
substance.  

Debra Scott, a pharmacy
technician, recognized appellant from a previous visit to the pharmacy.  During the earlier encounter, appellant
mentioned that he worked for Dr. Willis and that Dr. Willis usually let him
call the pharmacy and leave his own refill approvals, and Scott told appellant
that was illegal.  Scott testified that
on May 1, 2006, appellant was Apacing around, staring at his watch and acting kind of nervous.@  Based on her suspicions, after
appellant and Johnson left, Scott called Dr. Willis and learned that he had not
authorized the refill.  Appellant and Johnson
were arrested later that day.[8]









There was also evidence that
appellant had an ongoing problem abusing prescription drugs.  Dr. Willis refilled the hydrocodone
prescription once but refused appellant=s request for a second refill. 
Further, appellant had asked Johnson to approve the refill four or five
times in the past, and she apparently had refused.  Appellant also asked another doctor at work
for prescription pain medication, resulting in appellant=s transfer out of that doctor=s department.  Finally, the jury
saw a printout of appellant=s prescription history at various CVS pharmacies.  The summary indicated that since May 2000
appellant had obtained ninety-five hydrocodone prescriptions from at least
sixty different doctors.[9]  

Even though Johnson did not
testify that she told appellant she had no actual authority to refill his
prescription, there was ample circumstantial evidence from which the jury could
have reasonably concluded that appellant asked Johnson for the refill knowing
that Dr. Willis had not authorized it. 
Applying the appropriate standards of review, therefore, we hold that
the evidence was legally and factually sufficient to support appellant=s conviction for possession of a controlled substance,
dihydrocodeinone (hydrocodone), by fraud. 

We overrule appellant=s first, second, and sixth points. 


In his third, fourth, and
fifth points, appellant contends that the trial court improperly admitted the
CVS records of his prescription medications, arguing the records were
inadmissible character evidence, hearsay, and irrelevant, and that their
probative value was substantially outweighed by the danger of unfair prejudice.









To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.[10]  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.[11]  The complaint raised on appeal must comport
with the objection made at trial.[12]

At trial, appellant made
several objections to the CVS pharmacy records, arguing they Apertain[ed] to other things besides the prescription requested,@ were Anot
relevant,@ Ahearsay,@ Anot expert opinion,@ and Amore
prejudicial than probative.@  Because appellant did not
assert in the trial court that the records constituted inadmissible character
evidence, we hold that he forfeited this complaint.[13]








Further, when making his
objections to the exhibit, appellant agreed that the CVS records were business
records, but appeared to argue that they contained double hearsay.[14]  Appellant, however, failed to specify or
identify the objectionable part of the exhibit. 
When an exhibit contains both admissible and inadmissible material, the
objection must specifically refer to the material deemed objectionable.[15]  Appellant=s objections, therefore, were insufficiently specific to preserve the
hearsay complaint he makes on appeal.[16]








In addition, appellant argues
that the CVS records were irrelevant and that their probative value was
substantially outweighed by the danger of unfair prejudice.  We review the trial court=s rulings on these grounds for an abuse of discretion.[17]

AAll relevant
evidence is admissible, except as otherwise provided . . . .  Evidence which is not relevant is
inadmissible.@[18]  Evidence is relevant if it has
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.[19]  

The CVS recordsCshowing appellant obtained hydrocodone and other prescriptions
numerous times in the past, from many different doctorsCmade it more probable that, when appellant could not get Dr. Willis to
refill his prescription, he knowingly asked Johnson to refill it through
fraudulent means.  We hold that the trial
court did not abuse its discretion in concluding that the CVS records were
relevant.








Although relevant, however,
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.[20]  Once appellant makes a rule 403 objection,
the trial court must weigh the probativeness of the evidence to determine if it
is substantially outweighed by its potential for unfair prejudice.[21]  In conducting this analysis, the trial court
must balance (1) the inherent probative force of the proffered item of evidence
along with (2) the proponent=s need for that evidence against (3) any tendency of the evidence to
suggest decision on an improper basis, (4) any tendency of the evidence to
confuse or distract the jury from the main issues, (5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to
evaluate the probative force of the evidence, and (6) the likelihood that
presentation of the evidence will consume an inordinate amount of time or
merely repeat evidence already admitted.[22]








The rules of evidence favor
the admission of relevant evidence and carry a presumption that relevant
evidence is more probative than prejudicial.[23]  When determining whether evidence is
admissible under rule 403, we do not ask whether the evidence is more
prejudicial than probative; rather, we consider whether the probative value is substantially
outweighed by the danger of unfair prejudice.[24]

Appellant=s defensive theory was that Johnson stamped the refill request on her
own initiative.  The evidence that
appellant had obtained the same medication from over sixty doctors tended to
make more probable the fact that he knowingly obtained the controlled substance
through fraudulent means in this instance. 
The only direct evidence of appellant=s culpable mental state was Johnson=s testimony that appellant asked her for the refill, and Johnson was
thoroughly impeached with her own guilt and plea bargain.  Thus, the trial court could have reasonably
concluded that the probative force of and the State=s need for the CVS records were considerable. 








Further, the trial court
could have concluded that the CVS records were not inflammatory and did not
suggest a decision on an improper basis; indeed, the records did not invite an
emotional response such as hostility or sympathy.  Although the CVS records may have briefly
distracted the jury from the May 1, 2006 prescription, the trial court could
have reasonably concluded that the evidence would not mislead the jury, took
only a short amount of time to present, and was not repetitive.  

After balancing the 403
factors, the trial court could have reasonably concluded that the probative
value of the CVS records was not substantially outweighed by the countervailing
factors specified in the rule.  We, therefore,
hold that the trial court did not abuse its discretion in overruling appellant=s rule 403 objection.

For these reasons, we overrule appellant=s third, fourth, and fifth points. 
Having overruled all of appellant=s points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL A: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P.
47.2(b)

 

DELIVERED:   April 3, 2008          











[1]See Tex. R. App. P. 47.4.





[2]A
person commits an offense if he Aknowingly . . . (5)
possesses, obtains, or attempts to possess or obtain a controlled substance . .
. (A) by misrepresentation, fraud, forgery, deception, or subterfuge; . . . or
(C) through use of a fraudulent oral or telephonically communicated
prescription.@  Tex.
Health & Safety Code Ann. ' 481.129(a)(5)(A), (C)
(Vernon 2003).  





[3]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).





[4]Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).





[5]Watson, 204
S.W.3d at 414B15,
417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).





[6]King
v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).





[7]Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 





[8]Pursuant
to a plea agreement, Johnson was on deferred adjudication for a misdemeanor in
connection with her role in the offense. 






[9]The
summary showed several other prescriptions as well.  





[10]Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[11]Tex. R. App. P. 33.1(a)(2); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).





[12]See
Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 827 (1997).





[13]See,
e.g., Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999)
(holding that defendant=s
complaint regarding extraneous offense was not preserved by relevancy
objection), cert. denied, 529 U.S. 1102 (2000); Camacho v. State,
864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding that defendant=s
complaint of improper character evidence was not preserved by relevancy and
hearsay objections), cert. denied, 510 U.S. 1215 (1994).





[14]Appellant=s
attorney stated, Athe
business record exception, that=sCthat
is fine.  But it has a lot of information
in there that is not necessarily determined to be business records . . . and
would be hearsay.@ 





[15]See
Jones v. State, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992)
(explaining that trial court need not sort through challenged evidence to
segregate admissible from excludable), cert. denied, 507 U.S. 1035
(1993), abrogated on other grounds by Maxwell v. State, 48 S.W.3d 196,
200 (Tex. Crim. App. 2001); Hernandez v. State, 599 S.W.2d 614, 617
(Tex. Crim. App. 1980) (op. on reh=g) (holding objection
inadequate to preserve error because it was leveled at entire exhibit and
failed to specify and identify objectionable part); see also Willover
v. State, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002) (following Jones
and holding that when proffer contains both admissible and inadmissible
statements and proponent fails to segregate and specifically offer the
admissible statements, trial court may properly exclude entire proffer). 





[16]See
Jones, 843 S.W.2d at 492; Hernandez, 599 S.W.2d at 617; see also
Willover, 70 S.W.3d at 847.





[17]Wyatt
v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (Rule
403);  Brown v. State, 96 S.W.3d
508, 511 (Tex. App.CAustin
2002, no pet.) (Rule 401).





[18]Tex. R. Evid. 402.





[19]Tex. R. Evid. 401.





[20]Tex. R. Evid. 403.





[21]Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).





[22]Gigliobianco
v. State, 210 S.W.3d 637, 641B42
& n.8 (Tex. Crim. App. 2006).





[23]Jones
v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 832 (1997).





[24]Tex. R. Evid. 403; Garcia v. State,
201 S.W.3d 695, 704 (Tex. Crim. App. 2006), cert. denied, 127 S. Ct.
1289 (2007).