

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-13-00055-CR

**RICHARD CARROLL SEGREST,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

_____

**From the 413th District Court
Johnson County, Texas
Trial Court No. F46344**

_____

## MEMORANDUM OPINION

_____

Richard Carroll Segrest was convicted of aggravated assault with a deadly weapon, enhanced, and sentenced to 75 years in prison. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2013). Segrest wielded a knife and slashed at a man who lived across the street from Segrest. Because the trial court did not err in denying Segrest's motion to suppress or in admitting the deputy's in-car DVD, the trial court's judgment is affirmed.

**MOTION TO SUPPRESS**

By his first and second issues, Segrest contends that the trial court erred in denying Segrest's First Amended Motion to Suppress because the State elicited incriminating statements from Segrest during a custodial interrogation in violation of his statutory and constitutional right to remain silent and because Segrest's home was searched without a warrant.

*Background*

Johnson County Sheriff's deputies were called to a house across the street from Segrest regarding a complaint that Segrest had threatened the homeowner with a knife. After making contact with the homeowner and learning that Segrest had slashed at him with a knife and threatened to kill him, deputies approached Segrest's home with guns drawn and ordered him to come out and talk with them.[1]  When Segrest emerged from the home, he was ordered to get his hands up and was placed in handcuffs.  Segrest was then informed that he was not being arrested but detained pursuant to an investigation.  Next, Deputy Englert asked Segrest where the knife was.  Segrest responded that it was in the house.  When asked whether Englert could go in the house and get the knife, Segrest offered to go back inside to get it for the deputy.  But because Segrest was

---

[1] Only the audio of the encounter was captured on Englert's in-car camera because the camera was not pointed at Segrest's home.

handcuffed, Englert asked if he could enter the house with Segrest and retrieve it. Segrest agreed.

### *Standard of Review*

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Accordingly, we give almost total deference to the trial court's determination of historical facts if supported by the record. *Ford*, 158 S.W.3d at 493. But we review de novo the trial court's application of the law to those facts. *Id*. We give the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### *Statements*

Unwarned statements obtained as a result of custodial interrogation may not be used as evidence by the State in a criminal proceeding during its case-in-chief. *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007). But, statutory or *Miranda* warnings are required only when the statement stems from custodial interrogation. *See id.*, at 526.

The United States Supreme Court has defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Ariz.*, 384 U.S. 436, 444, 86 S. Ct. 1602; 16 L. Ed. 2d 694 (1966). The Court of Criminal Appeals' construction of "custody" for purposes of the statute, Article 38.22 of the Texas Code of Criminal Procedure, is consistent with the meaning of "custody" for purposes of *Miranda*. *Herrera*, 241 S.W.3d at 526. We apply a "reasonable person" standard—a person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Id*. at 525. Our inquiry also includes an examination of all of the objective circumstances surrounding the questioning. *Id*.

The State contends that Segrest was detained pursuant to an investigation but not in custody; thus, Segrest did not need to be warned prior to being asked about the location of the knife.

A police officer may stop and briefly detain a person reasonably suspected of criminal activity in the absence of probable cause to arrest the person. *Terry v. Ohio*, 392 U.S. 1, 22; 88 S. Ct. 1868; 20 L. Ed. 2d 889 (1968); *Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002). The officer may use such force as is reasonably necessary to effect the goal of the stop: investigation, maintenance of the status quo, or officer safety. *Balentine*, 71 S.W.3d at 771; *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App.). There

is no bright-line test providing that mere handcuffing is always the equivalent of an arrest. *Balentine*, 71 S.W.3d at 771.

Although Segrest was handcuffed immediately, Segrest was told that he was not under arrest but was being detained for investigative purposes. Englert testified at the motion to suppress hearing that he handcuffed Segrest for officer safety because a knife was allegedly used in the commission of the offense. After Segrest admitted to pulling out a knife and threatening the homeowner,[2] and after Englert verified with another witness that Segrest threatened the homeowner with the knife, Segrest was arrested.

After reviewing all the objective facts and circumstances using the reasonable person standard, we agree that Segrest was not under formal custodial arrest; and thus, Segrest was not required to be given his constitutional and statutory warnings before being asked about the location of the knife.

*Search*

The State also contends that Segrest gave his consent to the search of his home for the knife.

As a general rule, searches conducted without a warrant are deemed unreasonable unless the situation presents an exception to the warrant requirement. *Hubert v. State*, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010). One such exception arises when a person voluntarily consents to a search. *Maxwell v. State*, 73 S.W.3d 278, 281

---

[2] Segrest was given his constitutional and statutory warnings prior to making this admission.

(Tex. Crim. App. 2002). The validity of consent to search is a question of fact to be determined from all the circumstances. *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49, 93 S. Ct. 2041, 2059, 36 L. Ed.2d 854 (1973). To be valid, consent to search must be positive and unequivocal and must not be the product of duress or coercion, either express or implied. *Carmouche*, 10 S.W.3d at 331. Voluntariness of consent is determined by looking at the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation. *Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).

Although ordered out of his house and placed in handcuffs while the deputies investigated the alleged offense, Segrest was asked where the knife was and then whether Englert could go in the house to get it. After reviewing the totality of the surrounding circumstances, we agree that Segrest voluntarily consented to the entry of his house to retrieve the knife.

Accordingly, Segrest's first and second issues are overruled.

ADMISSION OF EVIDENCE

By his third and final issue, Segrest complains that the trial court erred in admitting State's Exhibit No. 1, a DVD from Deputy Englert's in-car camera, which contained alleged incriminating statements by Segrest, inadmissible hearsay statements, and references to extraneous offenses regarding Segrest. On appeal, Segrest specifically

points out ten segments of the DVD which are objectionable to him. At trial, however, Segrest did not specifically point out which segments were objectionable. He informed the trial court that the DVD contained hearsay statements, such as conversations between law enforcement officers and conversations between officers and witnesses, and references to extraneous offenses. When the State agreed that some of the items needed to be redacted and showed the trial court an email which contained segments which the State thought should be muted at trial, Segrest replied that his problem was with additional portions not identified in the email.

On this record, we hold that appellant's trial objection was insufficient to preserve any error in the admission of any portion of the DVD because the objection did not specifically point out which portions of the DVD were objected to as inadmissible. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009). While it might be conceded that Segrest's objection sufficiently stated the grounds for the objection, it did not specifically identify what portion of the DVD to which the stated objection applied. *Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g). When an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the precise objection. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). The trial court should never be required to sift through challenged evidenced to segregate admissible evidence from excludable evidence. *Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim. App.

1992), *abrogated on other grounds by Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001). In those instances where an exhibit contains both admissible and inadmissible evidence, a trial court may "safely admit it all or exclude it all, and the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection." *Id.*; *In re M.P.*, 220 S.W.3d 99, 114 (Tex. App.—Waco 2007, pet. denied).

Accordingly, Segrest has preserved nothing for our review under this issue, and his third issue is, therefore, overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 20, 2014
Do not publish
[CRPM]