

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00144-CR

HANYEL LEON-GOMEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F18-1185-158

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Approximately two months before fatally shooting Deandre Wilson, Hanyel Leon-Gomez mistook Deandre for someone else who had made a provocative comment to Hanyel's girlfriend, Victoria Lindsey, and "sucker punched" Deandre. That punch provided a backdrop to the tragic 2016 shooting in Denton County[1] that resulted in Hanyel's conviction and twenty-year sentence. Hanyel stands convicted of manslaughter in the shooting; he appeals by attacking both the legal sufficiency of the evidence to support his conviction in light of his asserted justification defenses and also the admission of a single exhibit containing 498 text messages between Hanyel and Victoria. We affirm the judgment of the trial court, because (1) legally sufficient evidence supports the conviction and (2) any error regarding the few text messages that were inadmissible hearsay was unpreserved.

## (1)     *Legally Sufficient Evidence Supports the Conviction*

The shooting occurred in December 2016, inside the "Library Bar" in the Fry Street district of Denton. On the night in question, each of the two men was in the Fry Street area with his own set of friends. The evidence conflicts on a few points, including the demeanor, words, and movements of the persons involved and whether Deandre threw a punch that grazed Hanyel's cheek. What is not in dispute is that, without warning and at close range, Hanyel fired a single shot into Deandre's face, killing him instantly. Hanyel does not dispute that he fired the fatal shot,

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

but asserts that he intended only to disable, not to kill, Deandre with the shot and that he was justified in firing the single shot as he was acting in self-defense and out of necessity. No evidence suggests that there was any other deadly weapon involved in the incident or that any other assaultive behavior was attempted or committed by anyone. The evidence does suggest that the shooting happened and ended quickly. Though Hanyel was charged with murder, the jury at trial found him guilty of the lesser-included offense of manslaughter.

Hanyel's two justification defenses both center on the claim that Hanyel acted in justified fear of Deandre and Deandre's large and threatening friends when he pulled the gun and fired the shot. Hanyel argues that the evidence was legally insufficient to deny his claimed self-defense or necessity.

When a criminal defendant challenges the legal sufficiency of the evidence, our role is to view the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (plurality op.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) (jury is exclusive judge of facts proved and weight of testimony); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The State must negate, beyond a reasonable doubt, affirmative defenses that are raised by the evidence. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

"[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted

use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011).  Hanyel would have been justified in elevating his use of force to the use of *deadly* force against Deandre, if Hanyel were justified in using force under Section 9.31 and he reasonably believed deadly force was immediately necessary to protect himself against Deandre's use or attempted use of unlawful deadly force.  *See* TEX. PENAL CODE ANN. § 9.32(a) (West 2011).  Hanyel's appellate brief describes the immediate predicament in which he felt threatened:

> [Deandre] threw a punch.  [Hanyel] backed away but the punch grazed him on the cheek.  The punch caused [Hanyel] to lose his balance and he fell backwards.  [Hanyel] regained his footing and stood up.  [Hanyel] was immediately on high alert because it appeared that it would be a fight of four against one, specifically [Deandre], Williams, Bloomquist, and Drawhorn.  All of them were standing between [Hanyel] and the door.

Therefore, Hanyel quickly pulled the gun and shot.  Hanyel mentions no evidence of any use or attempted use of deadly force by Deandre or his friends, just their presence, number, and imposing size.  And, we find no evidence of any use or attempted use of deadly force against Hanyel.  This, at the very least, would authorize a reasonable jury to find that Hanyel's use of deadly force was not justified under Section 9.32.  *See* TEX. PENAL CODE ANN. § 9.32(a)(2)(A).  By statutory definition, use of deadly force is justified only "to protect the actor against the other's use or attempted use of unlawful deadly force" or to protect against other imminent crimes not in play here.  *Id*.

Even if the evidence in this record could support a finding that Hanyel acted in self-defense, the jury was free to disbelieve all of such evidence and to find to the contrary.  *See Wesbrook*, 29 S.W.3d at 111; *Madrigal v. State*, 347 S.W.3d 809, 818–19 (Tex. App.—Corpus Christi 2011, pet. ref'd).

4

After viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found beyond a reasonable doubt that Hanyel was not justified in using deadly force against Deandre under Section 9.32 of the Texas Penal Code. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19; *Madrigal*, 347 S.W.3d at 818–19.

Hanyel sought to use both self-defense and necessity as justification defenses. Aside from the evidence in this record, we see at least one problem with that two-pronged defense strategy. In this case of the use of deadly force, Hanyel was required to choose between those defenses. *See Darkins v. State*, 430 S.W.3d 559, 571–72 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Banks v. State*, 955 S.W.2d 116, 119 (Tex. App.—Fort Worth 1997, no pet.) (use of one excludes other defense)[2]; *Butler v. State*, 663 S.W.2d 492, 496 (Tex. App.—Dallas 1983), *aff'd*, 736 S.W.2d 668 (Tex. Crim. App. 1987) (prescribing this rule in murder case); *see also Searcy v. State*, 231 S.W.3d 539, 543 (Tex. App.—Texarkana 2007, pet. ref'd) (discussing *Banks* opinion from Second Court of Appeals); *Waggoner v. State*, No. 02-11-00543-CR, 2014 WL 1857892, at *8 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op., not designated for publication); *but see Wood v. State*, 271 S.W.3d 329, 337 (Tex. App.—San Antonio 2008, pet. ref'd) (self-defense not excluded due to presence of necessity defense, just because self-defense via non-deadly force not available in death case). Because he chose to assert self-defense, Hanyel was not entitled to claim necessity.

---

[2]While the rationale for making the two justification defenses mutually exclusive explicitly involved the requirement to retreat before using deadly force, and while the duty to retreat has been substantially curtailed by statutory amendment, the two defenses are still treated differently by the Legislature, thus retaining the same essential rationale for making one defense exclude the other.

A hypothetically correct jury charge includes only the defensive issues applicable to the case that the defendant timely requests or objects to the omission from the jury charge. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010). Since the jury charge included instructions on self-defense, Hanyel was not entitled to a separate instruction on the defense of necessity. Consequently, the defense of necessity is not law applicable to the case and is not included in the hypothetically correct jury charge. Therefore, necessity is not included in our analysis of the sufficiency of the evidence.

Legally sufficient evidence supports the conviction.

*(2)*    *Any Error Regarding the Few Text Messages that Were Inadmissible Hearsay Was Unpreserved*

During the punishment phase of trial, the trial court admitted into evidence, over Hanyel's general hearsay and relevance objections, State's Exhibit 196, a multipage report quoting the content of 498 text messages exchanged by Hanyel and Victoria, between July 23, 2016, and December 21, 2016. On appeal, Hanyel agrees that, to the extent the messages originated from his cell phone, they were admissible utterances by him, *see* TEX. R. EVID. 801(e)(2), but he asserts on appeal that allowing Victoria's text messages into evidence erroneously and harmfully admitted hearsay. The admission of testimony challenged as hearsay is reviewed for an abuse of discretion. *Hammons v. State*, 239 S.W.3d 798, 806 (Tex. Crim. App. 2007); *Zuliani*, 97 S.W.3d at 595; *Wells v. State*, 558 S.W.3d 661, 671 (Tex. App.—Fort Worth 2017, pet. ref'd).

The State claims that Victoria's text messages were admissible because they were not hearsay, were contextually necessary for understanding non-hearsay statements made by Hanyel, were admissible to impeach Lindsey's untruthful testimony, and/or were harmless. Because we

agree with the State as to one or more of its arguments regarding the text messages, we overrule this point of error. *See Ellis v. State*, 517 S.W.3d 922, 929–30 (Tex. App.—Fort Worth 2017, no pet.) (no abuse of discretion in admitting text message conversations over hearsay objection); *see also Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("appellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case").

At trial, Hanyel made only a global hearsay objection[3] regarding the exhibit containing the text messages, without specifying any particular texts he complained of. When an exhibit contains both admissible and inadmissible evidence, the burden is on the objecting party to specifically point out which portion is inadmissible. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009) (citing *Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g)). A trial court is not obligated to search through an exhibit and segregate the admissible evidence from the inadmissible. *Id.* Instead, "the trial court may safely admit it or exclude it all, and the losing party . . . will be made to suffer on appeal the consequences of his insufficiently specific offer or objection." *Richter v. State*, 482 S.W.3d 288, 298 (Tex. App.—Texarkana 2015, no pet.) (quoting *Whitaker*, 286 S.W.3d at 369). This alleged error was not preserved.

---

[3]While Hanyel also objected that the exhibit was insufficiently authenticated, he does not argue that basis on appeal.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 8, 2019
Date Decided:       March 13, 2019

Do Not Publish