**Modified and Affirmed and Opinion Filed March 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00163-CR**

**A SHAHEED ABDULLAH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-76156-Q**

# MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

A jury convicted appellant A. Shadeed Abdullah of robbery and sentenced him to fifteen years' confinement. On appeal, he argues the trial court denied his right to confrontation by admitting a 9-1-1 recording containing inadmissible hearsay and the evidence contributed to his lengthy sentence. The State raises a cross-issue seeking several modifications of the judgment. As modified, we affirm.

## Background

Candie Thomas and appellant dated for approximately five years. The relationship started "great," but later shifted such that the two engaged in verbal and physical altercations. In May 2022, her relationship with appellant was "off and on."

On May 27, 2022, appellant and his new girlfriend drove to Candie's apartment. He left his car and girlfriend at Candie's apartment while he and Candie drove Candie's car to a friend's wedding in Rockwall. Candie and appellant enjoyed the wedding and returned to the apartment. A fight ensued when Candie refused to allow appellant to borrow her car. He began "screaming, and then he swung" his fists at Candie. He reached into her bra to retrieve her keys, ID, and debit card, struck her in the head, and pushed her into the bushes near the stairs to her apartment.

As they continued arguing, appellant helped Candie out of the bushes, and they proceeded up the stairs to her third-floor apartment. While walking up the stairs, he pulled out a gun[1] and shot towards her. She stepped back, and the bullet hit the wall. She recalled appellant firing the gun twice: once in the air outside the front door and once in the apartment. To prevent appellant from taking her car, Candie grabbed a knife from the kitchen, followed appellant out of the apartment, and slashed both appellant's tires and the tires on her own car. Appellant and his girlfriend still drove off in Candie's car.

---

[1] Candie owned a 9mm firearm. At some point prior to May 27, 2022, appellant came to possess Candie's firearm and did not return it to her.

Kameron Murphy, the nighttime apartment manager and security guard, testified he heard three or four gunshots while sitting in his truck by the front office. He drove in the direction of the gunshots and saw a black vehicle speeding off. He recognized the vehicle as Candie's car. He also observed shell casings on the ground where Candie's car was previously parked. He called 9-1-1, told the dispatcher he needed police, and gave a brief description of the events. Candie then joined the call, described the confrontation, and answered the dispatcher's questions. The call lasted approximately five and a half minutes.

Officer Sisto Rodriquez responded to the scene and talked to Candie. Based on Candie's description of the events, Officer Rodriquez looked for bullet holes and shell casings. Officers found shell casings in the parking lot but found no casings or bullet holes inside the apartment.

Appellant returned Candie's car and other stolen items a few days later. On July 8, 2022, he was arrested and indicted for aggravated robbery. Following his arrest, appellant repeatedly called Candie from jail. The jury heard jail phone recordings between Candie and appellant where he asked her to lie, say his girlfriend hit her, and sign an affidavit of nonprosecution. Appellant offered to pay her as much as $15,000 to do so, but she refused.

The jury found appellant guilty of the lesser-included offense of robbery. After hearing punishment evidence, the jury found true the enhancement paragraph

regarding a prior felony conviction and sentenced appellant to fifteen years' imprisonment. This appeal followed.

## Admission of 9-1-1 Call

In a single issue, appellant challenges the admission of State's Exhibit 6, the 9-1-1 call, because it was inadmissible hearsay and denied his right to confrontation.

Appellant first argues Candie's statements during the call do not fall within the "excited utterance" exception to the hearsay rule. *See* Tex. R. Evid. 803(2) (defined as a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition). The State contends appellant's issue is not preserved, or alternatively, the statements fall within both the "excited utterance" and "present-sense-impression" hearsay exceptions.

Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). The trial court overruled appellant's objection "to the security guard's voices [sic] on there as hearsay" and the 9-1-1 tape "as a violation of his right to confrontation." Appellant's hearsay objection at trial pertained to Murphy's statements, not Candie's statements. Thus, his complaint on appeal regarding Candie's statements on the 9-1-1 tape are not preserved for review. *Id.*; *see also* Tex. R. App. P. 33.1. Appellant has not challenged or briefed any of Murphy's statements on the tape. Although the State, in an abundance of caution,

–4–

responds that Murphy's statements fall within the present-sense-impression hearsay exception, we need not address the argument because appellant's brief focused solely on Candie's statements. *See* TEX. R. APP. P. 47.1. We overrule appellant's issue to the extent he challenged admission of the 9-1-1 tape based on improperly admitted hearsay.

We likewise conclude appellant has not adequately preserved his objection to the violation of his right to confrontation. When evidence is admitted, a part of which is admissible and a part of which is not, it is incumbent on the party objecting to the admissibility of the evidence to specifically point out what part is inadmissible to preserve the alleged error. *Wilkinson v. State*, 523 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). "Absent such a showing, appellant is not entitled to relief." *Robinson v. State*, No. 14-19-00934-CR, 2021 WL 388687, at *6 (Tex. App.—Houston [14th Dist.] Feb. 4, 2021, no pet.) (mem. op., not designated for publication).

Here, the call is approximately five and a half minutes long and contains statements by Murphy, Candie, and the 9-1-1 operator. Appellant did not identify which portions of the call violated his right to confrontation. Instead, he objected to the entire recording in the trial court and has not specifically identified any statements within the recording that violated his right to confrontation on appeal. Thus, "[w]hile it might be conceded that appellant's objection sufficiently stated grounds for the objection, it did not identify what was objected to." *Hernandez v.*

–5–

*State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g).  Accordingly, we conclude appellant failed to preserve error, if any, in the admissibility of statements violating his right to confrontation contained within the recording.  *See, e.g.*, *Mason v. State*, No. 03-18-00359-CR, 2019 WL 4065268, at \*5 (Tex. App.—Austin Aug. 29, 2019, no pet.) (mem. op., not designated for publication) (concluding defendant failed to preserve Confrontation Clause objection at trial by not identifying the inadmissible statements on the eight-minute long 9-1-1 recording); *see also Matter of A.R.G.*, 612 S.W.3d 691, 694 (Tex. App.—Texarkana 2020, pet. denied) (concluding global objections insufficient to make court aware of which statements defendant believed violated Confrontation Clause); *Sanchez v. State*, No. 05-14-00908-CR, 2015 WL 2400783, at \*3 (Tex. App.—Dallas May 20, 2015, no pet.) (mem. op., not designated for publication) (concluding defendant failed to preserve error by objecting to entire 9-1-1 recording and not specifically pointing out to trial court objectionable portion).

Regardless, assuming appellant preserved his argument and the trial court abused its discretion by admitting the recording, the error does not warrant reversal. The admission of a testimonial statement in violation of the Confrontation Clause is subject to a constitutional harm analysis under rule of appellate procedure 44.2(a).[2]

---

[2] The Confrontation Clause provides that the accused has the right to be confronted with the witnesses against him in a criminal trial.  U.S. CONT. amend. VI.  The Confrontation Clause bars out-of-court testimonial statements unless the witness is unavailable to testify at trial and the defendant had the opportunity to cross-examine him.  *Ramjattansingh v. State*, 587 S.W.3d 141, 159 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)).  Generally, a statement

*Id.*; *see* TEX. R. APP. P. 44.2(a). In such a harm analysis, "the question for the reviewing court is not whether the jury verdict was supported by the evidence. Instead, the question is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at that verdict—whether, in other words, the error adversely affected the integrity of the process leading to the conviction." *Small v. State*, No. 01-22-00425-CR, 2023 WL 4239874, at *7 (Tex. App.—Houston [1st Dist.] June 29, 2023, no pet.) (mem. op., not designated for publication) (citing *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007)).

In applying a rule 44.2(a) harm analysis to erroneously admitted hearsay over a Confrontation Clause objection, the court of criminal appeals has instructed that if the verdict or punishment would have been the same absent the error, then the error is harmless. *See Clay v. State*, 240 S.W.3d 895, 905 (Tex. Crim. App. 2007). In our review, we must consider the entire record. *Id.* at 904. This includes (1) the importance of the hearsay evidence to the State's case; (2) whether the hearsay evidence was cumulative of other evidence; (3) the presence or absence of other evidence corroborating or contradicting the hearsay evidence on material points; and (4) the overall strength of the State's case. *Id.* We must also consider any other

---

is testimonial "if a reasonable person would have understood that law enforcement officers were conducting a criminal investigation and collecting evidence for the purpose of prosecution." *Id.* Statements made during a 911 call whose primary purpose is "to enable police assistance for an ongoing emergency" are not considered testimonial. *Small v. State*, No. 01-22-00425-CR, 2023 WL 4239874, at *7 (Tex. App.— Houston [1st Dist.] June 29, 2023, no pet.) (mem. op., not designated for publication).

factor, as revealed by the record, that may shed light on the probable impact of the trial court's error on the minds of average jurors. *Id.*

According to appellant, whether appellant shot at Candie was "the most hotly contested issue at trial." He argues the 9-1-1 recording is the only evidence, aside from Candie's testimony, of appellant shooting at Candie; therefore, the 9-1-1 call bolstered Candie's claim. He further contends the significance of the evidence at trial is reflected in the jury's assessment of a fifteen-year sentence.

A review of the entire record refutes appellant's claims. Murphy testified he heard three or four gunshots while sitting in his truck by the front office. He drove towards the direction of the gunshots and saw a black vehicle speeding off, which he recognized as Candie's car. As such, Murphy's report of gunshots during the 9-1-1 call, his trial testimony, and the presence of shell casings found in the parking lot near the location where Candie's car had been parked all served as evidence that appellant shot at Candie.

More importantly, the jury ultimately found appellant guilty of the lesser-included offense of robbery, meaning the jury did not believe appellant used or exhibited a deadly weapon during the robbery. Thus, the admission of the call did not affect the integrity of the process leading to appellant's conviction. *Small*, 2023 WL 4239874, at *7.

Additionally, the 9-1-1 call did not impact appellant's fifteen-year sentence. The State alleged and the jury found true a single enhancement paragraph alleging a

–8–

prior felony conviction. Thus, the applicable punishment range was for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (enhancing second degree felony to punishment range for first degree felony). "An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment . . . for life or for any term of not more than 99 years or less than five years. . . [and] a fine not to exceed $10,000." *Id.* § 12.32(a), (b).

During closing argument, defense counsel encouraged the jury to "consider something on the lower end of punishment because I think that's what this case deserves" because "[w]hat happened here was a fight in a rocky relationship that resulted in fitting the fact pattern of the statute of robbery." The State encouraged the jury to consider not only this robbery, but also appellant's separate pending aggravated assault case involving Candie and his prior felony conviction. The State suggested starting "at 15 because this is not his first go around," but the prosecutor also conceded, "I don't think you need to go all the way up to the high end." The jury's fifteen-year sentence fell within the lower end of the applicable punishment range; therefore, the admission of the call was unlikely a contributing factor in the jury's deliberations in arriving at the sentence. We overrule appellant's sole issue.

**Judgment Modifications**

In a cross-issue, the State asserts the judgment should be modified to reflect (1) appellant's plea of not guilty, (2) his plea of not true to the enhancement paragraph, and (3) the jury's finding of true to the enhancement paragraph. Where

the record contains the necessary information to do so, the court of appeals has authority to modify the incorrect judgment. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc). The record supports the State's requested modifications. Accordingly, we sustain the State's cross-issue and modify the trial court's judgment to reflect (1) appellant's plea of not guilty to the offense, (2) his plea of not true to the first enhancement paragraph, and (3) the jury's finding of true to the first enhancement paragraph. *See Navarro v. State*, No. 05-22-00360-CR, 2023 WL 3220924, at *5 (Tex. App.—Dallas May 3, 2023, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect not guilty plea); *see also Ray v. State*, No. 05-22-01091-CR, 2023 WL 7294740, at *1 (Tex. App.—Dallas Nov. 6, 2023, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect defendant pleaded "not true" to the enhancement paragraph).

## Conclusion

As modified, we affirm the trial court's judgment.


230163f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

A SHAHEED ABDULLAH,
Appellant

No. 05-23-00163-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-76156-Q.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** "GUILTY" and **REPLACE** with "NOT GUILTY" under Plea to Offense.

We **DELETE** "N/A" and **REPLACE** with "NOT TRUE" under 1st Enhancement Paragraph.

We **DELETE** "N/A" and **REPLACE** with "TRUE" under Finding on1st Enhancement Paragraph.

In all other respects, the judgment is **AFFIRMED**.

Judgment entered this 18th day of March, 2024.